UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 8:09-cr-52-T-23MAP
                 8:10-cv-1719-T-23MAP

DAVID L. BULLOCK
_____/

**O R D E R**

A previous order (Doc. 28) denied Bullock's Section 2255 motion to vacate as time-barred. Bullock moves (Doc. 31) to alter or amend the judgment (Doc. 30), entered on March 31, 2014. Bullock argues entitlement to relief under "Rule 59(e) and/or Rule 60(b)" of the Federal Rules of Civil Procedure. Rule 59(e) requires that a party move to alter or amend the judgment no later than twenty-eight days after entry of the judgment. Because Bullock filed the motion on April 21, 2014, within twenty-eight days of the judgment, the motion is construed as a motion under Rule 59(e), rather than a motion under Rule 60(b).

Bullock challenges the applicability of *Natson v. United States*, 494 Fed. App'x 3 (11th Cir. 2012),[1] and repeats the arguments advanced in his motion to vacate.[2]

---

[1] "Unpublished opinions are not considered binding precedent, but they may be cited a persuasive authority." 11th Cir. Rule 36-2.

[2] *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992), requires a district court to resolve all claims for relief raised in a Section 2255 motion. *See Rhode v. United States*, 583 F.3d 1289, 1291 (11th Cir. 2009). Bullock argues that *Clisby* requires a merits review of each ground in his motion to vacate despite its untimeliness. Contrary to Bullock's contention, because the motion to vacate is time-barred, no *Clisby* violation occurred. *See Nguyen v. United States*, 420 Fed. App'x 875, 878 (11th Cir. 2011) (finding that, because the district court found each claim in Nguyen's Section 2255 motion to vacate untimely or, alternatively, procedurally barred, the district court resolved each claim in the motion and no *Clisby* violation occurred).

Bullock also requests a stay of the time for an appeal from the denial of his motion to vacate.

"The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)).  The decision to alter or amend a judgment pursuant to Rule 59(e) "is committed to the sound discretion of the district judge." *Am. Home Assur. Co. v. Glenn Estess & Assocs.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985).  A party seeking reconsideration must "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 294 (M.D. Fla. 1993).

To alter or amend a judgment is an "extraordinary remedy." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994).  "[A] Rule 59(e) motion [cannot be used] to re-litigate old matters [or] raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur v. King*, 500 F.3d at 1343 (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)).  Bullock's Rule 59(e) motion repeats the arguments in his Section 2255 motion to vacate.  Bullock neither asserts an intervening change in controlling law nor demonstrates a manifest error of law or fact in the denial of his Section 2255 motion.  *See Arthur v. King*, 500 F.3d at 1343.

Bullock argues entitlement to a new limitation under Section 2255(f)(3) and (f)(4)(1) based on the retroactive application of *Alleyne v. United States*, ___ U.S. ___, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013), which holds that a jury must find beyond

a reasonable doubt any fact that increases the mandatory minimum sentence. Because *Alleyne* is not retroactive, *United States v. Harris*, 741 F.3d 1245, 1250 n.3 (11th Cir. 2014), Bullock cannot benefit under *Alleyne*.

Bullock's Rule 59(e) motion (Doc. 31) is **DENIED**. Because the timely Rule 59(e) motion tolls the time for appeal under Rule 4(a)(4)(A)(iv), Federal Rules of Appellate Procedure, Bullock's request for a stay of the appeal is **DENIED**.

ORDERED in Tampa, Florida, on June 2, 2014.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE